Kevin H. Marino
John A. Boyle
**MARINO, TORTORELLA & BOYLE, P.C.**
437 Southern Boulevard
Chatham, NJ  07928-1488
(973) 824-9300

OF COUNSEL:
Michael B. Carlinsky[*]
Matthew A. Traupman[*]
**QUINN EMANUEL URQUHART &
 SULLIVAN, LLP**
51 Madison Avenue
New York, NY 10010
(212) 849-7000

*Attorneys for Plaintiffs*
*First Data Corporation and Frank Bisignano*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FIRST DATA CORPORATION and FRANK BISIGNANO, | ) ) ) ) **Civil Action No.:** |

FIRST DATA CORPORATION and FRANK
BISIGNANO,

               Plaintiffs,

     v.

ERIC INSELBERG and INSELBERG
INTERACTIVE, LLC,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No.:**

ECF Case

**COMPLAINT AND DEMAND
 FOR TRIAL BY JURY**

**Document electronically filed**

       Plaintiffs, First Data Corporation and Frank Bisignano (collectively "Plaintiffs"), through their undersigned attorneys, by way of Complaint against Defendants, Eric Inselberg and Inselberg Interactive, LLC (collectively "Defendants"), allege as follows:

**THE PARTIES**

       1.     Plaintiff First Data Corporation ("First Data") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5565 Glenridge Connector NE, Suite 2000, Atlanta, GA 30342.

---

[*] *Pro hac vice* applications to be submitted.

2.      Plaintiff Frank Bisignano ("Bisignano"), an individual, is a resident of the State of New Jersey and the County of Somerset, residing at 20 Jared Court, Watchung, NJ 07069. Bisignano is currently the Chief Executive Officer of First Data.

3.      On information and belief, Defendant Eric Inselberg ("Inselberg"), an individual, is a resident of the State of New Jersey and the County of Hudson, residing at 26 Avenue at Port Imperial, West New York, NJ  07093.

4.      On information and belief, Defendant Inselberg Interactive, LLC ("Interactive") is a limited liability company organized and existing under the laws of the State of New Jersey, having a mailing address at P.O. Box 833, Short Hills, NJ  07078.  On information and belief, Inselberg is the Managing Member of Interactive.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a) because this action involves a claim arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, relating to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  This Court has subject matter jurisdiction over the remaining claims asserted herein under 28 U.S.C. § 1367 because they form part of the same case or controversy.

6.      This Court has personal jurisdiction over Inselberg because he resides in New Jersey.

7.      This Court has personal jurisdiction over Interactive because it is a limited liability company organized and existing under the laws of New Jersey.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because all Defendants reside or are located in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL BACKGROUND

### I.   BISIGNANO'S $500,000 LOAN TO INTERACTIVE

9.     On or about August 17, 2010, Bisignano entered into a series of agreements with Interactive and Inselberg under which Bisignano agreed to loan $500,000 to Interactive.

10.     A true and correct copy of the Loan Agreement between Bisignano and Interactive and Inselberg is attached as Exhibit 1.

11.     A true and correct copy of the Note between Bisignano and Interactive is attached as Exhibit 2.

12.     A true and correct copy of the Guaranty between Bisignano, Interactive, and Inselberg is attached as Exhibit 3.

13.     A true and correct copy of the Security Agreement on Patents between Bisignano and Interactive is attached as Exhibit 4.  On information and belief, the Security Agreement on Patents was recorded at the United States Patent and Trademark Office on September 7, 2010.

14.     As set forth in the Loan Agreement, the Note, the Guaranty, and the Security Agreement identified above (collectively, the "Loan Documents"), Bisignano's loan to Interactive (the "Loan") was secured by, *inter alia*, several U.S. patents purportedly owned by Interactive and all reissues, continuations, continuations-in-part, and extensions of those patents ("the Inselberg Patents").

15.     The Inselberg Patents currently consist of the following issued U.S. patents:

1)     U.S. Patent Number 6,434,398 ("the '398 patent");

2)     U.S. Patent Number 6,650,903 ("the '903 patent");

3)     U.S. Patent Number 6,760,595 ("the '595 patent");

4)     U.S. Patent Number 6,975,878 ("the '878 patent");

5)     U.S. Patent Number 6,996,413 ("the '413 patent");

6)      U.S. Patent Number 7,123,930 ("the '930 patent");

7)      U.S. Patent Number 7,248,888 ("the '888 patent");

8)      U.S. Patent Number 7,263,378 ("the '378 patent");

9)      U.S. Patent Number 7,424,304 ("the '304 patent");

10)     U.S. Patent Number 7,522,930 ("the '930 patent");

11)     U.S. Patent Number 7,587,214 ("the '214 patent");

12)     U.S. Patent Number 7,693,532 ("the '532 patent");

13)     U.S. Patent Number 7,792,539 ("the '539 patent");

14)     U.S. Patent Number 7,797,005 ("the '7005 patent");

15)     U.S. Patent Number 7,856,242 ("the '242 patent");

16)     U.S. Patent Number 7,860,523 ("the '523 patent");

17)     U.S. Patent Number 8,023,977 ("the '977 patent");

18)     U.S. Patent Number 8,131,279 ("the '279 patent");

19)     U.S. Patent Number 8,213,975 ("the '975 patent");

20)     U.S. Patent Number 8,412,172 ("the '172 patent");

21)     U.S. Patent Number 8,423,005 ("the '3005 patent"); and

22)     U.S. Patent Number 9,143,828 ("the '828 patent").

## II.    INTERACTIVE DEFAULTS ON THE LOAN AND ASSIGNS THE INSELBERG PATENTS TO BISIGNANO

16.    At some point after Bisignano made the Loan to Interactive as alleged in this Complaint, Inselberg was indicted for mail fraud.  Thereafter, Interactive failed to make payments on the Loan in accordance with his obligations under the Loan Documents.  The indictment against Inselberg was subsequently dismissed.  Interactive remains in default of its obligations under the Loan Documents.

17.     As a result of Interactive's default on the Loan, Bisignano, Interactive, and Inselberg entered into an Agreement dated January 29, 2013 ("the Assignment Agreement") whereby Interactive and Inselberg assigned the Inselberg patents to Bisignano in partial payment and satisfaction of Interactive's indebtedness under the Loan Documents.

18.     A true and correct copy of the Assignment Agreement is attached as Exhibit 5.

19.     Pursuant to the terms of the Assignment Agreement, Interactive executed a patent Assignment ("the Assignment") that assigns to Bisignano the entire right, title, and interest in and to the Inselberg Patents.  The Assignment was made effective as of April 2, 2012, and was recorded at the United States Patent and Trademark Office on May 21, 2013.

20.     A true and correct copy of the Assignment is attached as Exhibit 6.

21.     As of the April 2, 2012 effective date of the Assignment, Bisignano owned the entire right, title and interest in and to the Inselberg Patents.  These rights included the right to license the Inselberg Patents.

22.     In the Assignment Agreement, Inselberg represented to Bisignano that he had no interest in, to, or under the Inselberg Patents.  On information and belief, this representation was knowingly false when made because Inselberg was the exclusive licensee of the Inselberg Patents within a defined field.

23.     On information and belief, Inselberg and Interactive entered into an Agreement to Amend and Terminate Patent Portfolio License Agreement ("the License Termination") to cure Inselberg's false representation in the Assignment Agreement.  The License Termination was not signed until February 24, 2015, but was made effective as of April 2, 2012.

24.     A true and correct copy of the License Termination is attached as Exhibit 7.

- 5 -

25.     The License Termination states, "[A]n Assignment of Licensor's [Interactive's] Patent Portfolio, effective as of April 2, 2012, was signed by Licensee [Inselberg] in his capacity as Managing Member of Licensor on January 29, 2013, transferring all rights and title to the Patent Portfolio to a third-party assignee."   Thus, as of February 24, 2015, both Inselberg and Interactive acknowledged that the Assignment Agreement and Assignment transferred all rights and title to the Inselberg Patents to Bisignano.

## III.   INSELBERG AND INTERACTIVE PURPORT TO REPUDIATE THE ASSIGNMENT AGREEMENT AND ATTEMPT TO CLAIM OWNERSHIP OVER THE INSELBERG PATENTS

26.     On information and belief, Inselberg subsequently attempted to repudiate the Assignment Agreement, alleging that the agreement is invalid under New Jersey law.   On information and belief, Inselberg and Interactive allege that Interactive, and not Bisignano, currently owns, and at all times since April 2, 2012 has owned, the Inselberg Patents.

27.     On information and belief, in an effort to threaten Bisignano and First Data, Inselberg alleged that First Data infringed the Inselberg Patents.   On October 31, 2014, Inselberg met with Bisignano.   During that meeting, Inselberg accused First Data of infringing the Inselberg Patents.   On November 18, 2014, Inselberg sent First Data a "claim chart" purporting to show how First Data infringes at least one of the Inselberg Patents.

28.     Notwithstanding Inselberg's allegations, First Data has never practiced or infringed any of the Inselberg Patents.

29.     Nevertheless, after Inselberg made those allegations, Bisignano exercised his right, as the owner by assignment of the Inselberg Patents, to grant a royalty free license in those patents to First Data (the "First Data License").

30.     Inselberg has continued his threats against First Data and Bisignano.   On October 9, 2015, Inselberg and Interactive's counsel sent Bisignano and First Data a draft complaint that

- 6 -

Inselberg and Interactive stated they intended to file in the Superior Court of New Jersey. The draft complaint alleged, *inter alia*, that the Assignment Agreement was invalid, that Interactive was the actual owner of the Inselberg Patents, and that the First Data License was invalid. The complaint sent on October 9, 2015 included a cause of action against First Data for infringing one the Inselberg Patents.

31.     On November 19, 2015, Inselberg and Interactive's counsel sent a second draft complaint to Bisignano and First Data. Inselberg and Interactive's counsel stated that he intended to file the draft complaint on November 30, 2015. In the November 19, 2015 draft complaint, Inselberg and Interactive again alleged that the Assignment Agreement was invalid and that Interactive was the actual owner of the Inselberg patents. The November 19, 2015 draft complaint further alleges that Bisignano and First Data owe Inselberg and Interactive "not less than $570 million" based on First Data's alleged use of the Inselberg Patents.

32.     As demonstrated by Inselberg and Interactive's draft complaints, an actual case or controversy exists between the parties regarding ownership and alleged infringement of the Inselberg Patents.

## IV.    THE INSELBERG PATENTS

33.     On August 13, 2002, the United States Patent and Trademark Office issued the '398 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '398 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '398 patent is attached as Exhibit 8. Interactive and Inselberg have alleged that they have an ongoing interest in the '398 patent.

34.     On November 18, 2003, the United States Patent and Trademark Office issued the '903 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '903 patent lists Eric Inselberg as the sole inventor. A true and correct

copy of the '903 patent is attached as Exhibit 9. Interactive and Inselberg have alleged that they have an ongoing interest in the '903 patent.

35.     On July 6, 2004, the United States Patent and Trademark Office issued the '595 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '595 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '595 patent is attached as Exhibit 10. Interactive and Inselberg have alleged that they have an ongoing interest in the '595 patent.

36.     On December 13, 2005, the United States Patent and Trademark Office issued the '878 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '878 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '878 patent is attached as Exhibit 11. Interactive and Inselberg have alleged that they have an ongoing interest in the '878 patent.

37.     On February 7, 2006, the United States Patent and Trademark Office issued the '413 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '413 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '413 patent is attached as Exhibit 12. Interactive and Inselberg have alleged that they have an ongoing interest in the '413 patent.

38.     On October 17, 2006, the United States Patent and Trademark Office issued the '930 patent, entitled "Method and apparatus for interactive audience participation at a live spectator event." The '930 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '930 patent is attached as Exhibit 13. Interactive and Inselberg have alleged that they have an ongoing interest in the '930 patent.

39.     On July 24, 2007, the United States Patent and Trademark Office issued the '888 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '888 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '888 patent is attached as Exhibit 14.  Interactive and Inselberg have alleged that they have an ongoing interest in the '888 patent.

40.     On August 28, 2007, the United States Patent and Trademark Office issued the '378 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '378 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '378 patent is attached as Exhibit 15.  Interactive and Inselberg have alleged that they have an ongoing interest in the '378 patent.

41.     On September 9, 2008, the United States Patent and Trademark Office issued the '304 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '304 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '304 patent is attached as Exhibit 16.  Interactive and Inselberg have alleged that they have an ongoing interest in the '304 patent.

42.     On April 21, 2009, the United States Patent and Trademark Office issued the '930 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '930 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '930 patent is attached as Exhibit 17.  Interactive and Inselberg have alleged that they have an ongoing interest in the '930 patent.

43.     On September 8, 2009, the United States Patent and Trademark Office issued the '214 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '214 patent lists Eric Inselberg as the sole inventor.  A true and

correct copy of the '214 patent is attached as Exhibit 18.  Interactive and Inselberg have alleged that they have an ongoing interest in the '214 patent.

44.     On April 6, 2010, the United States Patent and Trademark Office issued the '532 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '532 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '532 patent is attached as Exhibit 19.  Interactive and Inselberg have alleged that they have an ongoing interest in the '532 patent.

45.     On September 7, 2010, the United States Patent and Trademark Office issued the '539 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '539 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '539 patent is attached as Exhibit 20.  Interactive and Inselberg have alleged that they have an ongoing interest in the '539 patent.

46.     On September 14, 2010, the United States Patent and Trademark Office issued the '7005 patent, entitled "Method, systems and apparatus for interactive audience participation at a live entertainment event."  The '7005 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '7005 patent is attached as Exhibit 21.  Interactive and Inselberg have alleged that they have an ongoing interest in the '7005 patent.

47.     On December 21, 2010, the United States Patent and Trademark Office issued the '242 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '242 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '242 patent is attached as Exhibit 22.  Interactive and Inselberg have alleged that they have an ongoing interest in the '242 patent.

48.     On December 28, 2010, the United States Patent and Trademark Office issued the '523 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '523 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '523 patent is attached as Exhibit 23.  Interactive and Inselberg have alleged that they have an ongoing interest in the '523 patent.

49.     On September 20, 2011, the United States Patent and Trademark Office issued the '977 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '977 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '977 patent is attached as Exhibit 24.  Interactive and Inselberg have alleged that they have an ongoing interest in the '977 patent.

50.     On March 6, 2012, the United States Patent and Trademark Office issued the '279 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '279 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '279 patent is attached as Exhibit 25.  Interactive and Inselberg have alleged that they have an ongoing interest in the '279 patent.

51.     On July 3, 2012, the United States Patent and Trademark Office issued the '975 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '975 patent lists Eric Inselberg as the sole inventor.  A true and correct copy of the '975 patent is attached as Exhibit 26.  Interactive and Inselberg have alleged that they have an ongoing interest in the '975 patent.

52.     On April 2, 2013, the United States Patent and Trademark Office issued the '172 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event."  The '172 patent lists Eric Inselberg as the sole inventor.  A true and

correct copy of the '172 patent is attached as Exhibit 27. Interactive and Inselberg have alleged that they have an ongoing interest in the '172 patent.

53.     On April 16, 2013, the United States Patent and Trademark Office issued the '3005 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event." The '3005 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '3005 patent is attached as Exhibit 28. Interactive and Inselberg have alleged that they have an ongoing interest in the '3005 patent.

54.     On September 22, 2015, the United States Patent and Trademark Office issued the '828 patent, entitled "Method and apparatus for interactive audience participation at a live entertainment event." The '828 patent lists Eric Inselberg as the sole inventor. A true and correct copy of the '828 patent is attached as Exhibit 29. Interactive and Inselberg have alleged that they have an ongoing interest in the '828 patent.

## CLAIMS FOR RELIEF

### COUNT I: BISIGNANO AND FIRST DATA'S CLAIM FOR DECLARATORY JUDGMENT AS TO THE OWNERSHIP OF THE INSELBERG PATENTS

55.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56.     As described above, Inselberg and Interactive have alleged that the Assignment Agreement is invalid and that the Inselberg Patents are and have been the property of Interactive.

57.     Inselberg and Interactive's allegations regarding the validity of the Assignment Agreement and the ownership of the patents have the potential to affect First Data's rights under the First Data License.

58.     Contrary to Inselberg and Interactive's allegations, the Assignment Agreement is valid.

59.     Contrary to Inselberg and Interactive's allegations, Bisignano owns the entire right, title and interest in and to the Inselberg Patents as set forth in both the Assignment Agreement and the Assignment.  Bisignano therefore had the full right and title to grant the First Data License.

60.     As a result of Inselberg and Interactive's acts as described in this Complaint, there exists a substantial and actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     Accordingly, a judicial declaration is necessary and appropriate so that Plaintiffs may ascertain the ownership of the Inselberg Patents.

### COUNT II: FIRST DATA'S CLAIM FOR DECLARATORY JUDGMENT AS TO NONINFRINGEMENT OF THE INSELBERG PATENTS

62.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.     As described above, Interactive and Inselberg have alleged that Interactive is and has been the owner of the Inselberg Patents.  Interactive and Inselberg have further alleged that First Data has infringed the Inselberg Patents.   Interactive and Inselberg have separately threatened to file a lawsuit against First Data seeking hundreds of millions of dollars based on First Data's alleged use of the Inselberg Patents.

64.     First Data has not infringed any claim of the '398 patent, the '903 patent, the '595 patent, the '878 patent, the '413 patent, the '930 patent, the '888 patent, the '378 patent, the '304 patent, the '930 patent, the '214 patent, the '532 patent, the '539 patent, the '7005 patent, the '242 patent, the '523 patent, the '977 patent, the '279 patent, the '975 patent, the '712 patent, the '3005 patent, or the '828 patent.

65.     As a result of Inselberg and Interactive's acts as described in this Complaint, there exists a substantial and actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between First Data on the one hand and Inselberg and Interactive on the other, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

66.     Accordingly, a judicial declaration is necessary and appropriate so that First Data may ascertain its rights regarding the '878 patent, the '413 patent, the '930 patent, the '888 patent, the '378 patent, the '304 patent, '930 patent, '214 patent, the '532 patent, the '539 patent, the '7005 patent, the '242 patent, the '523 patent, the '977 patent, the '279 patent, the '975 patent, the '712 patent, the '3005 patent, and the '828 patent.

## COUNT III: BISIGNANO'S CLAIM FOR BREACH OF CONTRACT

67.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68.     Interactive and Inselberg have defaulted on their obligations to repay Bisignano according to the terms of the Loan Documents.   Accordingly, Interactive has breached its contractual obligations.

69.     Inselberg has personally guaranteed Interactive's obligations to Bisignano as set forth in the Loan Documents.  Accordingly, Inselberg is liable for Interactive's breach.

70.     Inselberg and Interactive have further harmed Bisignano by seeking to prevent him from executing his security interests set forth in the Loan Documents, including by, *inter alia*, threatening to file a lawsuit seeking to challenge the validity of the Assignment Agreement and prevent Bisignano from disposing of the sports memorabilia in his possession.

71.     Bisignano's damages include, *inter alia*, the outstanding principal, interest, fees (including attorneys' fees), costs, and other expenses incurred in enforcing his rights under the Loan Documents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1.      A judgment declaring that the Assignment Agreement is valid;

2.      A judgment declaring that Bisignano owns the entire right, title and interest in and to the Inselberg Patents;

3.      A judgment declaring that First Data has not infringed any claim of the '878 patent, the '413 patent, the '930 patent, the '888 patent, the '378 patent, the '304 patent, the '930 patent, the '214 patent, the '532 patent, the '539 patent, the '7005 patent, the '242 patent, the '523 patent, the '977 patent, the '279 patent, the '975 patent, the '712 patent, the '3005 patent, or the '828 patent;

4.      A judgment that Interactive and Inselberg have breached the agreement memorialized in the Loan Documents;

5.      An award of actual compensatory and compensatory damages in an amount to be determined at trial plus interest for Interactive and Inselberg's breach of contract;

6.      That the case be found exceptional under 35 U.S.C. § 285;

7.      Attorneys' fees;

8.      Costs and expenses in this action; and

9.      Such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 25, 2015
     Chatham, NJ

Respectfully submitted,

**MARINO, TORTORELLA & BOYLE, P.C.**

*/s/ Kevin H. Marino*

Kevin H. Marino
John A. Boyle
437 Southern Boulevard
Chatham, NJ 07928-1488
Phone: 973-824-9300
Fax: 973-824-8425
*Attorneys for Plaintiffs Frank Bisignano*
*and First Data Corporation*

OF COUNSEL:

Michael B. Carlinsky
Matthew A. Traupman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs, First Data Corporation and Frank Bisignano, hereby demands a trial by jury as to all issues so triable in this case.

Dated: November 25, 2015                    Respectfully submitted,
       Chatham, NJ

                                     **MARINO, TORTORELLA & BOYLE, P.C.**

                                     */s/ Kevin H. Marino*
                                     Kevin H. Marino
                                     John A. Boyle
                                     437 Southern Boulevard
                                     Chatham, NJ  07928-1488
                                     Phone:  973-824-9300
                                     Fax:  973-824-8425
                                     *Attorneys for Plaintiffs Frank Bisignano*
                                     *and First Data Corporation*

OF COUNSEL:

Michael B. Carlinsky
Matthew A. Traupman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000